[Civ. No. 20256.   Second Dist., Div. One.   Feb. 15, 1955.]

FREDDIE RICH, Appellant, v. PARAMOUNT PICTURES, INC. (a Corporation) et al., Respondents.

Morris Lavine for Appellant.

O'Melveny & Myers, Homer I. Mitchell and Everett B. Clary for Respondents.

DORAN, J.—This is an appeal from the judgment following a verdict of the jury in favor of respondents, and from the order denying a motion for judgment notwithstanding the verdict.

Appellant composed certain music for a moving picture called the "Wildcat" produced by Paramount Pictures in 1942. Respondents Livingston and Evans wrote and composed the words and music of a song, "Buttons and Bows," in 1947 which was used in the motion picture "The Paleface," also produced by Paramount Pictures. The action herein is for alleged plagiarism.

It is contended on appeal that,

"I.

"The trial court erred in limiting the owner of a musical composition to testifying *as an expert* and then instructing the jury that it may reject the testimony of *any expert*.

"II.

"The evidence shows that the music of Freddie Rich was plagiarized by the music of 'Buttons and Bows' as a matter of law. There is no conflict that the music is 'basically similar.' That Rich's music was written and produced first, and both were distributed by the same studio. The judgment should, therefore, be reversed as a matter of law and the motion for judgment notwithstanding the verdict granted.

"III.

"It was prejudicial error to allow the defense that the music of plaintiff and defendants came from the public domain where the defense failed to plead it affirmatively as required by Section 437 C.C.P. and Livingston and Evans did not contend that 'Buttons and Bows' came from the public domain. This testimony was improper and misled the jury.

"IV.

"The Superior Court erred in overruling the objections to the manner of cross-examination of Freddie Rich by playing a number of melodies and asking Freddie Rich about them, which had no foundation in the evidence.

"V.

"The testimony of Sigmund Spaeth that the music came from the public domain, under the pleadings herein, was prejudicially erroneous and *entirely incompetent*. It invaded the province of the jury.

"VI.

"The trial court erred in instructing the jury:

"(A) After permitting the plaintiff to testify only as an 'expert' in identifying his own music as having been stolen, the trial court erred in instructing the jury that it could disregard the testimony of any expert.

"(B) The court gave a misleading instruction that the eight tone and five tone scales, the major and minor chords, the basic patterns of combinations of notes and basic rhythms are 'all a part of the public store house' of musical materials available to everyone.

"(C) The court erred in instructing the jury that there is no evidence of copyright by the plaintiff or that defendants copyrighted plaintiff's music.

"(D) The court erred in failing to give the jury several offered instructions by the defendant:

"(a) Instructions offered on the question of access:

"(b) Questions offered on the method of determining access;

"(c) On the elements which the jury itself was to determine the questions involved from plaintiff's proof.

"VII.

"The court erred in failing to direct the verdict and in failing to grant the motion for judgment notwithstanding the verdict."

■ It is argued by appellant that the court erred in refusing to permit plaintiff to "identify the music as his property, but only permitted him to give an 'opinion' as an expert, and so told the jury." This was not error. Whether the time or music was plaintiff's "property" was the question of law before the court, which obviously was to be determined by the facts. Appellant makes much of the incident which actually was unimportant.

It is further argued by appellant that, "The unity and proportion of Rich's music in the picture 'Wildcat' and that of 'Buttons and Bows' is identical. The principal unit and the lesser units of 'Wildcat' are repeated over and over again in 'Buttons and Bows.' To hear the two numbers is to be convinced that one was taken from the other.

"The principal defense in this case was not that they were not identical, but a claim not pleaded affirmatively that they both came from the public domain." Respondent, on the other hand, argues that, "The only similarity between the accusing and the accused compositions lies in the 'sol-do-la-do' sequence of the notes. This sequence is basic material used in all sorts of music, particularly in folk music. In our Statement of the Case, we pointed out that this basic pattern had been used in at least 33 compositions which preceded both the accusing and the accused works. It has been used in works of the Old Masters and in modern popular songs, musical comedies, folk music, children's music and instrumental exercises (Exs. B to S and X-1 to X-17).

"Actually, as will hereinafter be demonstrated, this basic pattern is not protectible property; it is a part of the public storehouse or common stock of basic materials used in the composition of music and is available to everybody. But assuming, for purposes of argument, that it constitutes protectible property, it is so commonplace and has been used so often that its appearance in both appellant's and respondents' compositions does not give rise to any inference that respondents copied it from appellant. If respondents copied it at all, it is much more reasonable to infer that they copied it from, 'Turkey in the Straw' or 'I Love Coffee, I Love Tea,' or some of the other earlier compositions familiar to everybody than to infer that they copied it from appellant's obscure composition." And that, "Appellant had no protectible property right in the musical pattern which he claims that respondents copied because that pattern is a part of the public storehouse of material available to everybody."

In the light of the record it was not error for the trial court to permit respondent to offer evidence on this issue and it was unnecessary, as a matter of law, to plead it as an affirmative defense.

Appellant argues, with reference to expert testimony, that "The trial court erred in permitting Sigmund Spaeth to give opinions as to the music in question, and as to whether Freddie Rich's music came from old Irish tunes (Public Domain). This testimony was highly prejudicial and invaded the province of the jury." There is no merit to the argument. The testimony of the expert covered the subject of music and melodies and was not only unprejudicial but, in the light of the questions involved was important and helpful.

Appellant also assigns as error the fact that plaintiff

was denied the right to examine the expert on *voir dire*. However, no prejudice appears to have resulted from the ruling for, as pointed out by respondent, "after the close of Dr. Spaeth's direct testimony, appellant was permitted to and did cross-examine him at length as to his qualifications. Appellant did not at the time, nor does he now, point to anything developed in that cross-examination which raises even the slightest question as to the witness's expert qualifications. Therefore, if the court had not made the ruling now complained of and had permitted appellant to cross-examine the witness on *voir dire* before he gave expert testimony, it is obvious that such cross-examination would have developed nothing to prevent the witness from giving the expert testimony he gave."

As recited in respondent's brief, "The jury heard the accusing and accused compositions played on the piano and on phonograph records. It saw the motion pictures 'The Wildcat' and 'The Paleface' in which the compositions were used. It heard the other compositions which use this 'sol-do-la-do' passage played on the piano. It observed the witnesses and weighed their testimony. It returned a verdict for respondents upon which judgment was entered."

A careful reading of the instructions given as well as those offered and refused reveals no prejudicial errors relating thereto nor does it appear to have been error on the part of the trial judge in "failing to grant the motion for judgment notwithstanding the verdict."

The judgment and order are affirmed.

White, P. J., and Drapeau, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 13, 1955. Carter, J., was of the opinion that the petition should be granted.